UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD TORRES,<br><br>    Petitioner,<br><br>vs.<br><br>R.T.C. GROUNDS, Warden,<br><br>    Respondent. | Case No: C 13-3312 SBA<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION; GRANTING RESPONDENT'S MOTION TO DISMISS PETITION; AND DENYING CERTIFICATE OF APPEALABILITY** |

    Petitioner, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenged prison discipline imposed by Pelican Bay State Prison ("PBSP"). According to Petitioner, he was issued a Rules Violation Report ("RVR") on October 8, 2011, and charged with Willfully Delaying/Obstruction of a Peace Officer (i.e., a hunger strike). On November 3, 2011, a disciplinary hearing was held regarding the RVR. Petitioner was found guilty, and assessed a 90-day forfeiture of conduct credits and a 30-day loss of privileges.

    In this proceeding, Petitioner claims that the disciplinary findings violated his right to due process because they are not based on "some evidence." Dkt. 1 at 10 (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985) (revocation of good-time credits does not comport with minimum requirements of procedural due process unless disciplinary findings supported by "some evidence"). The Court ordered Respondent to show cause as to the due process claim.

    This matter is now before the Court on Respondent's motion to dismiss the petition as moot and for lack of habeas jurisdiction. Dkt. 7. Petitioner filed an opposition, and Respondent filed a reply. Dkts. 9, 10.

Also before the Court is Petitioner's motion for leave to amend the petition.  Dkt. 11.  Respondent has filed an opposition to Petitioner's motion.  Dkt. 12.

For the reasons outlined below, Petitioner's motion for leave to amend is DENIED, and Respondent's motion to dismiss is GRANTED.

## I.      DISCUSSION

### A.      PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION

Petitioner seeks leave to add a new claim challenging another incident involving prison discipline imposed by PBSP.  Petitioner alleges that he was issued another RVR on July 23, 2013 for Willfully Delaying/Obstruction of a Peace Officer (i.e., a hunger strike).  A disciplinary hearing was held on August 23, 2013, at which Petitioner refused to appear.  The hearing officer proceeded in Petitioner's absence, and upon consideration of the evidence presented, found him guilty as charged.  He was assessed a 61-day credit forfeiture.  See Dkt. 11 at 6-7.  Petitioner alleges the disciplinary findings at his August 23, 2013 disciplinary hearing violated his right to due process because they were not based on "some evidence."  Dkt. 11 at 2, 5 (citing Hill, 472 U.S. at 454).

Petitioner's motion for leave to amend does not comply with the Court's Civil Local Rules because he failed to provide a copy of the proposed pleading, as required by Civil Local Rule 10-1.  The failure to comply with the Local Rules, standing alone, warrants the denial of Petitioner's motion.  Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Even if the motion were properly presented, the proposed inclusion of a new claim based on a separate disciplinary hearing is improper.   A petitioner may only challenge one state court judgment in a single federal habeas petition.  See Rule 2(e), 28 U.S.C. foll. § 2254 ("[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); Goff v. Salinas, No. 2:11-cv-3251 WBS AC P, 2013 WL 943438, *2 (E.D. Cal. Mar. 11, 2013)

(dismissing a habeas petition which challenged two separate disciplinary hearings). Accordingly, to the extent Petitioner seeks to challenge the August 23, 2013 disciplinary hearing, he must do so in a separate action. In addition, there is no indication that Petitioner has exhausted his administrative remedies in connection with his proposed new claim.

Accordingly, Petitioner's motion for leave to amend the Petition is DENIED without prejudice to Petitioner presenting such a claim in a new petition, provided that he has first has exhausted his administrative remedies.

### B. MOTION TO DISMISS

#### 1. Background

Petitioner is serving an indeterminate sentence for his 1995 convictions for murder and attempted first degree murder with a firearm enhancement. Dkt. 7, Ex. 1. As noted, Petitioner was found guilty of a 2011 RVR for participating in a hunger strike and was assessed a 90-day forfeiture of conduct credits and a 30-day loss of privileges. Dkt. 7, Exs. 2, 3. On July 3, 2012, PBSP prison officials restored all of Petitioner's forfeited credits after he refrained from committing additional disciplinary violations for a six-month period. Dkt. 7, Ex. 4; Cal. Code Regs. tit. 15, § 3328(b). In addition, all of Petitioner's custodial privileges were reinstated.

After exhausting his administrative remedies, Petitioner challenged the prison disciplinary decision by filing petitions for writ of habeas corpus in the state courts, all of which were denied. Dkt. 7, Exs. 5-10. Thereafter, he filed the instant petition alleging that the 2011 disciplinary finding violated his right to due process because it was not supported by "some evidence." Dkt. 1 at 10

#### 2. Analysis

Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual

injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  A case becomes moot "when the parties lack a legally cognizable interest in the outcome." Johnson v. Rancho Santiago Comm. Coll. Dist., 623 F.3d 1011, 1020 (9th Cir. 2010) (citations omitted).  "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." Alvarez v. Smith, 130 S. Ct. 576, 580-81 (2009) (citations omitted).

An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence[]" of the conviction—must exist if the suit is to be maintained and not considered moot. Id. Continuing collateral consequences may be either proven or presumed. Id. at 8.  However, the presumption of collateral consequences that is applicable to criminal convictions does not extend to prison disciplinary proceedings. Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003).

Respondent contends that the instant petition should be dismissed as moot because the prison restored Petitioner's 90 days of lost credits, and therefore there is no longer a case or controversy.  Dkt. 7 at 3.  Petitioner does not dispute that his credits have been restored.  Rather, he argues that the matter is not moot because the rule violation remains in his file and has an adverse effect on his classification score or his ability to parole.  Dkt. 9 at 2, 5, 9.  However, the Ninth Circuit has held that allegations that a rule violation finding will adversely affect the petitioner's classification, institutional and housing assignments, privileges or may result in a delay or denial of parole, involve discretionary decisions that are too speculative to constitute sufficient proof of collateral consequences. Wilson, 319

F.3d at 481-82.

Even if Petitioner's claim were not moot, habeas jurisdiction is lacking. Federal habeas corpus jurisdiction is limited to claims that affect the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Here, Petitioner alleges that Respondent violated his procedural due process rights on the ground that there was insufficient evidence to support a disciplinary finding of guilt. However, Petitioner cannot demonstrate that the disciplinary action affected the duration of his sentence because he ultimately did not lose any credits.

Accordingly, the Court finds that Respondent has demonstrated good cause for dismissing the petition, and therefore GRANTS the motion to dismiss.

### C. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## II. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Petitioner's motion for leave to amend his petition (dkt. 11) is DENIED.

2.   Respondent's motion to dismiss petition (dkt. 7) is GRANTED, and the petition is DISMISSED.

3.   A certificate of appealability is DENIED. Petitioner may seek a certificate of

appealability from the Ninth Circuit Court of Appeals.

  4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

  5. This Order terminates Docket Nos. 7 and 11.

IT IS SO ORDERED.

Dated: September 26, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.13\Torres3312.grantMTD(moot)--rev091914.docx